UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-24543-SCOLA

MARCO MERCURIAL,

    Plaintiff,

v.

RTK MANAGEMENT, INC.
d/b/a Pizza Rustica Sunny Isles,
and STARVROS KONSOULAS,

    Defendants.
_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, RTK Management, Inc. and Starvros Konsoulas file their Answer, and Affirmative Defenses in response to Plaintiff's Complaint, and in response they say:

1. Defendants, RTK Management, Inc. and Starvros Konsoulas, admit that the Plaintiff brings an action under the Fair Labor Standards Act, but Defendants deny liability to Plaintiff.

2. Defendants are without sufficient knowledge of the allegations in paragraph 2, therefore the allegations are denied.

3. Defendants admit that it is a corporation doing business in Miami-Dade County, Florida, but they deny the remaining allegations in paragraph 3.

4. Defendants admit that Starvos Konsoulas is an officer of RTK Management, but they deny the remaining allegations in paragraph 4.

5. Denied.

1

6. Denied.

7. Admitted.

8. Paragraph 8 is not a proper allegation in a complaint, therefore it is denied.

9. Defendants admit that Plaintiff began employment on January 2, 2017, but deny the remaining allegations in paragraph 9.

10. Denied.

11. Defendants admit that RTK Management employed at least two people who handled goods or materials that travelled through interstate commerce, but they denies the remaining allegations in paragraph 11.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Defendants deny any allegation in the Complaint that was not specifically admitted above.

## DEFENDANTS' AFFIRMATIVE DEFENSES

17. **First Affirmative Defense:** Plaintiff has failed to state a claim upon which relief may be granted pertaining to his claims for unpaid overtime compensation.

18. **Second Affirmative Defense:** Plaintiff has failed to state a claim upon which relief may be granted pertaining to any claim that this is a collective action because he failed to allege any facts to support a finding that any employee is similarly situated to him.

19. **Third Affirmative Defense:** Plaintiff's claim is barred because he was an exempt manager under the executive exemption. Plaintiff's salary was over $455 per week, he interviewed candidates for employment and either hired them or recommended them for

hiring, and he also recommended the termination of employees. Plaintiff also supervised at least two employees or the equivalent.

20. **Fourth Affirmative Defense:** Plaintiff's claim is barred because any of the alleged acts or omissions giving rise to this action were made in good faith conformity with and in reliance upon written administrative regulation, order, ruling, approval or interpretation of the DOL.

21. **Fifth Affirmative Defense:** Plaintiff's claim for liquidated damages is barred because any of the alleged acts or omissions giving rise to this action were done in good faith and based on reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

22. **Sixth Affirmative Defense:** Plaintiff may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

23. **Seventh Affirmative Defense:** Plaintiff's claim is barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours which they were engaged in certain activities that were non-compensable.

24. **Eighth Affirmative Defense:** Any amount due to Plaintiff and/or putative collective action members should be set off by payments received by them.

25. **Ninth Affirmative Defense:** Plaintiff's claim is barred because the time periods for which they are claiming entitlement are *de minimis*.

26. **Tenth Affirmative Defense***:* Plaintiffs' claim is barred to the extent they seek remedies beyond those provided for by the FLSA.

27. **Eleventh Affirmative Defense:** Plaintiff's claim under the FLSA are barred by the applicable statute of limitations; i.e., 29 U.S.C. § 255.

28. **Reservation of Rights:** Defendants hereby give notice that they intend to rely on such other defenses as might become available or apparent during the course of discovery and, thus, Defendants reserve the right to amend this Answer and serve such defenses and otherwise supplement the foregoing affirmative defenses.

WHEREFORE, Defendants request that this Court find in favor of Defendants, award them costs; and grant such other and further relief as this Court may find to be just and proper.

Respectfully submitted,

BY: /s/ Paul F. Penichet
Paul F. Penichet, Esq.
PENICHET LAW
9655 South Dixie Highway
Suite 310
Miami, FL 33156
Tel: 305-373-8809
Fax: 305-373-8810
paul@penichetlaw.com

**Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served via ECM and Electronic Mail on <u>March 19, 2018</u> on all counsel or parties of record on the Service List below.

        By:    <u>s/ Paul F. Penichet</u>
                  Paul F. Penichet, Esq.
                  FBN: 0899380
                  paul@penichetlaw.com

**SERVICE LIST**

J.H. Zidell
Rivkah Fay Jaff
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach FL 33141
zabogado@aol.com
rivkah.jaff@gmail.com